IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GERSON ISRAEL GARCIA CLAROS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:25-cv-2275 (LMB/LRV) |
| ) | |
| TODD M. LYONS, et al., ) | |
| ) | |
| Respondents. ) | |

## ORDER

Petitioner Gerson Israel Garcia Claros ("Claros"), a native and citizen of El Salvador, has filed a four-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since November 13, 2025. Specifically, he alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act (Count I), the implementing bond regulations at 8 C.F.R. §§ 236.1, 1236.1, and 1003.19 (Count II), and his due process rights (Count III). Claros also requests relief as a member of the bond-eligible class certified in Maldonado Bautista v. Santacruz, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025) (Count IV).

Claros is currently detained at the Farmville Detention Center, which is within this Court's jurisdiction and the basis upon which he is suing Jeffrey Crawford, the warden of the Farmville Detention Center. Claros has also sued Todd M. Lyons, the Acting Director of Ice; Joseph Simon, the Director of the Washington Field Office of ICE's Enforcement and Removal

Operations Division; Kristi Noem, the DHS Secretary; Pamela Bondi, the Attorney General; the

Department of Homeland Security; and the Executive Office for Immigration Review

(collectively, "the federal respondents"). For the reasons discussed in this Order, the Court finds

that Claros is detained pursuant to 8 U.S.C. § 1226(a). Accordingly, his Petition will be granted

as to Count III, and respondents will be ordered to release him from custody and provide him

with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).[1]

I.

According to his Petition, Claros has resided in the United States since 2013. [Dkt. No.

1] at ¶ 55. He lives in Manassa Virginia with his partner and their four-month-old infant, who is

a U.S. citizen. [Dkt. No. 4] at 2. Claros has three additional children, all of whom are minors and

are U.S. citizens (ages three, six, and nine), and who live with their mother. [Dkt. No. 1] at ¶ 58.

He works in construction, and "does not have a criminal record aside from a . . . few traffic

infractions." Id. at ¶¶ 59-60. On November 13, 2025, Claros was on his way to work in the early

morning when he was stopped by ICE agents at a check point, and was taken into custody at the

Farmville Detention Center. Id. at ¶¶ 56, 61. Following his detention, ICE issued a custody

determination to continue Claros' detention without an opportunity for a bond hearing. Id. at ¶

61.

Claros filed his Petition for Writ of Habeas Corpus on December 6, 2025. [Dkt. No. 1].

This Court subsequently entered an Order requiring that he not "be removed or transferred from

---

[1] Because the Court is granting relief on due process grounds, it need not address Claros'
arguments based on the Immigration and Nationality Act or the Maldonado Bautista class action.
Additionally, Claros has no cognizable claim for attorney's fees under the Equal Access to
Justice Act ("EAJA") because a habeas proceeding is not a "civil action" under the EAJA.
Obando-Segura v. Garland, 999 F.3d 190, 195 (4th Cir. 2021); accord Luna Quispe v. Crawford,
1:25-cv-1471-AJT-LRV, Dkt. No. 17 at 6 (E.D. Va. Sept. 29, 2025).

this district for any reason without this Court's permission" and directing the federal respondents to "file either a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in <u>Ceba Cinta v. Noem, et al.</u>, 1:25-cv-1818 (E.D. Va.), or an Opposition to the Petition discussing the material differences between <u>Ceba Cinta</u> and this Petition." [Dkt. No. 3] at 1.  In response, the federal respondents filed a notice[*] stating that "the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in <u>Ceba Cinta</u>" and requesting that this Court "incorporate the filings in <u>Ceba Cinta</u> into the record of this habeas action." [Dkt. No. 4] at 1.  Finding that oral argument will not aid the decisional process, the Petition will be resolved on the papers submitted.

II.

The central question posed in Claros' Petition is whether he is subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a).  As the federal respondents argued in their <u>Ceba Cinta</u> opposition— which has been incorporated into the record in this civil action—whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission." <u>Ceba Cinta v. Noem, et al.</u>, 1:25-cv-1818, Dkt. No. 9 (E.D. Va. Oct. 28, 2025).  According to the federal respondents, anyone in the United States who has not been admitted is subject to

---

[*] The Court does not recognize Ms. Halligan as being authorized to represent the United States given the decisions in <u>United States v. Comey</u>, No. 1:25-cr-272, – F. Supp. 3d –, 2025 WL 3266932 (E.D. Va. Nov. 24, 2025), and <u>United States v. James</u>, No. 2:25-cr-122, – F. Supp. 3d –, 2025 WL 3266931 (E.D. Va. Nov. 24, 2025), which have neither been stayed nor appealed as of this date.  <u>See also</u> <u>United States v. Giraud</u>, Nos. 25-2635 & 25-2636, – F.4th –, 2025 WL 3439752 (3d Cir. Dec. 1, 2025).

mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. Id. Therefore, they argue that because Claros has not been admitted "as a legal matter" into the United States, he is inadmissible under 8 U.S.C. § 1182(a), considered to be an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). Id.

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as numerous district courts throughout the country have found,[2] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. See Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025).

---

[2] See, e.g., Gomes v. Hyde, 2025 WL 1869299 (D. Mass. July 7, 2025); Martinez v. Hyde, 2025 WL 2084238 (D. Mass. July 24, 2025); Lopez Benitez v. Francis, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); Maldonado v. Olson, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); Arrazola-Gonzalez v. Noem, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); J.O.E. v. Bondi, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); Jacinto v. Trump, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); Samb v. Joyce, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Dos Santos v. Noem, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Garcia Jimenez v. Kramer, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); Anicasio v. Kramer, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); Rosado v. Figueroa, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); Orellana Juarez v. Moniz, 2025 WL 1698600 (D. Mass. June 11, 2025); Hernandez Nieves v. Kaiser, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); Vasquez Garcia v. Noem, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Carmona-Lorenzo v. Trump, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); Lopez-Campos v. Raycroft, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

4

This Court has previously addressed several of these points in Hasan v. Crawford, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025), which the Government has not appealed. This Court adopts the findings and conclusions in Hasan into this Order. That same reasoning has been applied in multiple cases since this Court issued its memorandum opinion in Hasan, and where this Court has required that a petitioner be provided with a standard bond hearing pursuant to § 1226(a), the petitioner has been granted bond. Vargas Nunez v. Lyons, et al., 1:25-cv-1574, Dkt. No. 12 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Diaz Gonzalez v. Lyons, et al., 1:25-cv-1583, Dkt. No. 10 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Gomez Alonzo v. Simon, et al., 1:25-cv-1587, Dkt. No. 20 (E.D. Va. Oct. 9, 2025) (released on a $1,500 bond); Perez Bibiano v. Lyons, et al., 1:25-cv-1590, Dkt. No. 10 (E.D. Va. Oct. 14, 2025) (released on his own recognizance); Guerra Leon v. Noem, et al., 1:25-cv-1634, Dkt. No. 14 (E.D. Va. Oct. 22, 2025) (released on his own recognizance); Melendez v. U.S. Immigr. & Customs Enf't, et al., 1:25-cv-1622, Dkt. No. 14 (E.D. Va. Oct. 28, 2025) (released on his own recognizance); Sanchez Saire v. Elliston, et al., 1:25-cv-1808, Dkt. No. 9 (E.D. Va. Nov. 4, 2024) (released on a $1,500 bond); Ortiz Martinez v. Noem, et al., 1:25-cv-1816, Dkt. No. 16 (E.D. Va. Nov. 4, 2025) (released on a $5,000 bond); Zelaya Arias v. Lyons, et al., 1:25-cv-1892, Dkt. No. 9 (E.D. Va. Nov. 19, 2025) (released on a $8,000 bond); Maya Torres v. Crawford, et al., 1:25-cv-1891, Dkt. No. 12 (E.D. Va. Nov. 17, 2025) (released on his own recognizance); Cabrera Gomez v. Noem, et al., 1:25-cv-1997, Dkt. No. 6 (E.D. Va. Nov. 26, 2025) (released on a $3,000 bond); Ceba Cinta v. Noem, et al., 1:25-cv-1818, Dkt. No. 13 (E.D. Va. Nov. 23, 2025) (released on a $1,500 bond); Rios Resendiz v. Lyons, et al., 1:25-cv-1872, Dkt. No. 16 (E.D. Va. Nov. 23, 2025) (released on a $8,000 bond); Hernandez-Salvador v. Bondi, et al., 1:25-cv-2001, Dkt. No. 7 (E.D. Va. Dec. 2, 2025) (released on a $1,500 bond);

5

Hernandez Alfaro v. Simon, et al., 1:25-cv-2054, Dkt. No. 7 (E.D. Va. Dec. 3, 2025) (released on his own recognizance); Hernandez Contreras v. Lyons, et al., 1:25-cv-2053, Dkt. No. 8 (E.D. Va. Dec. 3, 2025) (released on his own recognizance); Reyes Alvarez v. Crawford, et al., 1:25-cv-2148, Dkt. No. 8 (E.D. Va. Dec. 4, 2025) (released on his own recognizance); Flores Lazaro v. Simon, et al., 1:25-cv-2091, Dkt. No. 7 (E.D. Va. Dec. 4, 2025) (released on a $5,000 bond); Mata v. Bondi, et al., 1:25-cv-2089, Dkt. No. 9 (E.D. Va. Dec. 4, 2025) (released on a $5,000 bond); Nina Cayllahua v. Lyons, et al., 1:25-cv-2096, Dkt. No. 7 (E.D. Va. Dec. 9, 2025) (released on a $5,000 bond); Egoavil-Rojas v. Noem, et al., 1:25-cv-2113, Dkt. No. 10 (E.D. Va. Dec. 9, 2025). But see Funez Contreras v. Lyons, et al., 1:25-cv-1929, Dkt. No. 12 (E.D. Va. Nov. 22, 2025) (bond denied).

Claros has been present in the United States since 2013. [Dkt. No. 1] at ¶ 55. Because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Claros' detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community, and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Claros' continued detention is unlawful.

III.

For all the reasons stated above, Claros' Petition [Dkt. No. 1] is GRANTED, and it is hereby

6

ORDERED that Claros be promptly released from custody, with all his personal property, pending his bond hearing before an Immigration Judge. Claros must live at a fixed address which he must provide to the federal respondents.

ORDERED that respondents provide Claros with a standard bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents be and are ENJOINED from denying bond to Claros on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that, if Claros is granted bond, respondents be and are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2)[3]; and it is further

ORDERED that respondents file a status report with this Court within 3 days of the bond hearing, stating whether Claros has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to enter judgment in Claros' favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 12 day of December, 2025.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge

---

[3] This Court has previously found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." Hasan, 2025 WL 2682255, at *13.

7